Electronically Filed 11/14/2013 02:41:52 PM ET

***ELECTRONICALLY FILED 11/14/2013 2:41:50 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

OLGA T. GRASSO,

     Plaintiff,

                                  CASE NO. 13-007276-CI-07

v.

MICHELLE GRASSO and
TERESA GRASSO,

     Defendants.

_____/

### AMENDED COMPLAINT FOR ABUSE OF THE ELDERLY, UNAUTHORIZED PRACTICE OF LAW, BREACH OF FIDUCIARY DUTY, AND CONSTRUCTIVE FRAUD

     Plaintiff, OLGA T. GRASSO, sues the Defendants, MICHELLE GRASSO and TERESA GRASSO, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

     1.    This is an action for damages in excess of $15,000.

     2.    The Plaintiff, OLGA GRASSO (OLGA), is 90 years old, is a resident of Pinellas County, Florida, and is otherwise sui juris.

     3.    The Defendant, MICHELLE GRASSO (MICHELLE), is OLGA's granddaughter and resides in Oklahoma.

     4.    The Defendant, TERESA GRASSO (TERESA), is OLGA's granddaughter and resides in Oklahoma.

     5.    The Defendants committed tortious acts against the Plaintiff while in the State of Florida, thus subjecting themselves to the personal jurisdiction of this Court.

6.     Venue in Pinellas County, Florida is proper pursuant to Section 47.011, Florida Statutes.

7.     All conditions precedent necessary to the maintenance of this action have been satisfied, complied with or waived.

**GENERAL ALLEGATIONS**

8.     Joseph Grasso, Sr., died on December 25, 2008 (OLGA's husband and MICHELLE'S and TERESA'S grandfather).

9.     After her husband's funeral, OLGA went to visit her son, Joseph Grasso, Jr., and his family in Oklahoma.

10.     MICHELLE and TERESA are daughters of Joseph Grasso, Jr.

11.     After Joseph Grasso Sr. died, Joseph Grasso, Jr. became upset with his brother, Robert Grasso, OLGA's only other child, believing that Robert had taken action against him in a lawsuit pending in New York.

12.     In retaliation, Joseph Grasso, Jr., in collusion with MICHELLE and TERESA, embarked on a course of action to deprive Robert Grasso of any inheritance from his parents.

13.     This course of conduct ultimately resulted in OLGA being deprived of her assets, as more fully set forth herein.

14.     On or about March of 2010, Joseph Grasso Jr. was visiting OLGA in Clearwater, Florida.

15.     On or about March of 2010, TERESA, while in Oklahoma, had a telephone conversation with OLGA, who was then in Clearwater, Florida, regarding OLGA'S estate plan.

16.   On or about March 10, 2010, TERESA, while in Oklahoma, prepared a Last Will and Testament of OLGA T. GRASSO (the "Will").

17.   TERESA then emailed the Will to Joseph Grasso, Jr. in Clearwater, Florida, for the purpose of having the Will executed by OLGA.

18.   Joseph Grasso, Jr. procured the execution of the Will by OLGA, who, due to her poor eyesight and trust in Joseph Grasso, Jr., did not review the Will and was unaware of its contents.

19.   The Will left OLGA's entire estate to Joseph Grasso, Jr. and his immediate family, including TERESA and MICHELLE, and contrary to OLGA's intentions.

20.   After the Will was executed, the original Will was placed in OLGA's desk, in her condominium.

21.   Subsequently, MICHELLE and TERESA traveled to Florida and stayed at OLGA'S condominium while OLGA was still in Oklahoma.  While in the condominium, MICHELLE and TERESA took OLGA'S original Will from her desk and returned to Oklahoma with it, without OLGA'S knowledge or consent, and never returned the Will to OLGA.

22.   On or about August 18, 2010, MICHELLE procured from OLGA a General Durable Power of Attorney which named MICHELLE as her Attorney-in-Fact. The purpose for this power of attorney was for MICHELLE to assist OLGA with her finances.

23.   On or about August 18, 2010, MICHELLE accepted the position of Attorney-in-Fact.

24.     Joseph Grasso, Jr., became ill and eventually died on October 3, 2010.

25.     The scheme to deprive Robert Grasso of any inheritance, first initiated by Joseph Grasso, Jr., in collusion with MICHELLE and TERESA, was then carried on after his death by the wrongful conduct of MICHELLE and TERESA, respectively.

26.     MICHELLE and TERESA collaborated in the procurement of three purported trust documents to gain control of OLGA'S assets all unbeknownst to OLGA.

27.     On or about September 20, 2013, the first of these purported trust documents was procured and titled the Olga Grasso Revocable Trust. This iteration of the trust named OLGA as grantor and trustee and named Joseph Grasso, Jr. and his immediate family as the only beneficiaries.

28.     On or about October 12, 2013, the second of the purported trust documents was procured and also titled the Olga Grasso Revocable Trust. This iteration of the trust named OLGA as grantor and OLGA and Margaret Grasso (the wife of Joseph Grasso, Jr.) as Co-Trustees. This document was not executed by OLGA, rather OLGA'S signature page from the September 20, 2013 trust was inserted into this second Trust iteration and Margaret Grasso signed on a separate signature page as trustee. Once again, Joseph Grasso, Jr., who had died on October 3, 2010, and his immediate family were named as the only beneficiaries of the trust.

29.   On or about November 15, 2010, the third and final iteration of the purported trust documents was procured and named the First Amendment to the Olga Grasso Trust. This iteration named OLGA as grantor and attempted to name MICHELLE as the sole trustee. This iteration also made the trust irrevocable. This iteration was the subject of the litigation described below.

30.   The only remaining beneficiaries of all the procured trust documents were Joseph Grasso, Jr., even though he was deceased as of the second Trust iteration, and his immediate family in Oklahoma, to the exclusion of OLGA'S other family members and contrary to OLGA'S testamentary intention.

31.   On or about December of 2010, OLGA returned to Florida and became aware of the Trust, which designated MICHELLE as sole Trustee, which was irrevocable in nature, and which made Joseph Grasso, Jr. and his immediate family the only beneficiaries.

32.   OLGA never had any intention of creating an irrevocable trust or having MICHELLE have exclusive control of her assets.

33.   Upon learning about the Trust and its terms, OLGA requested MICHELLE to voluntarily return her assets.

34.   MICHELLE declined OLGA's request and continued to deprive OLGA of her funds and maintained control of Olga's assets.

35.   On or about February 2011, OLGA filed an action in Pinellas County, Florida, Circuit Court Case Number 11-001184-ES-03, regarding the irrevocable trust, against Margaret Grasso and MICHELLE, as MICHELLE and

Margaret were claiming to be the co-trustees of OLGA'S trust. The Court found that it had personal jurisdiction over them pursuant to Florida Statute 736.0202.

36.     The Litigation lasted over two and a half years and OLGA incurred significant legal fees and costs.

37.     On September 20, 2013, the Court entered its Final Judgment with regard to the Litigation, which included the termination of the irrevocable trust, the Court having found that Michelle was never appointed trustee, and ordered all those in control of or possessing authority over the assets to return those assets to OLGA.

**COUNT I**
**ABUSE OF THE ELDERLY**
**(MICHELLE AND TERESA)**

38.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above.

39.     This is an action for damages, attorney's fees, and costs pursuant to Florida Statute § 415.1111.

40.     Florida law provides a civil remedy under § 415.1111, Fla. Stat., for "exploited" and "vulnerable" adults. Chapter 415 identifies "exploitation" at § 415.102(8) to include a breach of fiduciary duty, unauthorized taking of personal assets, and misappropriation or misuse of money.

41.     A "vulnerable adult" is defined at § 415.102(27) as someone infirm or impaired due to age.

42.   OLGA is a "vulnerable adult", as defined under Florida Law, and MICHELLE and TERESA exploited OLGA for their own benefit and gain and/or for the benefit and gain of others including MICHELLE'S and TERESA'S family.

43.   MICHELLE and TERESA stood in a position of trust and confidence with OLGA, a vulnerable adult, being an elderly person with the infirmities of old age, the grief of her deceased spouse, and her dying son.

44.   MICHELLE and TERESA knowingly, through deception, exploitation, and/or fraud, obtained or conspired to obtain OLGA'S funds, assets, or property with the intent to temporarily or permanently deprive OLGA of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than OLGA.

45.   MICHELLE and TERESA engaged in deceptive conduct by misrepresentation or concealment of a material fact concerning the use of property intended to benefit OLGA.

46.   These material facts include, but are not limited to, the irrevocable nature of the procured Trust and MICHELLE serving as sole Trustee, both of which were unbeknownst to OLGA.

47.   OLGA has been damaged by MICHELLE'S and TERESA'S violations of Florida Statute Chapter 415.

48.   The remedies available under § 415.1111, Fla. Stat., include actual damages, punitive damages, and attorney's fees and costs.

49.   Plaintiff has retained the undersigned attorneys to represent her in this action and is obligated to pay reasonable fees for their services.

WHEREFORE, the Plaintiff prays that this Court will enter an Order the terms of which will find the Defendants, MICHELLE GRASSO and TERESA GRASSO, liable for actual damages for their roles in exploiting OLGA GRASSO, a vulnerable adult, award the Plaintiff attorney's fees and costs, and any other relief as the Court deems just and proper, including the award of punitive damages, which the Plaintiff reserves the right to seek after filing the appropriate motion.

### COUNT II
### UNAUTHORIZED PRACTICE OF LAW
### (TERESA)

50.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 and 39 through 49 above.

51.   This is an action for damages and equitable relief against TERESA resulting from her unauthorized practice of law.

52.   As detailed more completely above, TERESA, while in Oklahoma, discussed over the telephone with OLGA, in Florida, making changes to OLGA'S estate plan.

53.   TERESA then prepared a Will for OLGA and emailed it to Joseph Grasso, Jr. in Florida for OLGA to execute.

54.   The Will, prepared by TERESA, stated that OLGA resided in Pinellas County, Florida. Further, TERESA knew or should have known that the Will would be executed in Florida and governed by Florida law.

55.   The Will left OLGA's entire estate to Joseph Grasso, Jr. and his immediate family, including TERESA and MICHELLE, and contrary to OLGA's intentions.

56.   TERESA is an attorney licensed to practice law in Oklahoma but is not licensed to practice law in the state of Florida.

57.   The Florida Supreme Court has ruled, in the case of The Florida Bar v. Larkin, 298 So. 2d 371 (Fla. 1974), that the preparation of wills and antenuptial agreements for others, both of which affect important rights of persons under the law, without the review and approval of an attorney licensed to practice in this State, constitute the unauthorized practice of law.

58.   TERESA'S activities, specified above, without obtaining review and approval of an attorney licensed to practice in Florida, has been ruled by the Florida Supreme Court as the unauthorized practice of law.

59.   Due to TERESA'S unauthorized practice of law, OLGA'S estate plan was changed from an equal distribution between both her sons, Robert Grasso and Joseph Grasso, Jr., to a complete distribution to Joseph Grasso, Jr. and his immediate family, including TERESA and MICHELLE.

60.   This initial change to OLGA'S estate plan by TERESA was the precursor and catalyst in connection with the conspiracy by Joseph Grasso, Jr., MICHELLE, and TERESA to further alter OLGA's estate plan, eventually leading to the purported irrevocable trust which was subject the of Litigation.

61.   As a result of TERESA'S unauthorized practice of law, OLGA was damaged by the amount of attorney's fees and costs associated with the

Litigation to dissolve the irrevocable trust, plus any additional fees and costs associated therewith.

WHEREFORE, the Plaintiff prays that this Court will enter an Order, the terms of which will find the Defendant, TERESA GRASSO, liable for actual damages, interest and costs, attorneys' fees, and any other relief as the Court deems just and proper.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**(MICHELLE AND TERESA)**

62.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37, 39 through 49, and 51 through 61, as set forth above.

63.  This is an action for breach of fiduciary duty owed by the Defendants, MICHELLE and TERESA, as Co-Attorneys-in-Fact, to OLGA, as principal of the power of attorney.

64.  MICHELLE and TERESA, as agents, are fiduciaries and owed Olga, as the principal, certain duties, including but not limited to the following: the duty to act in good faith, the duty to not act in a manner that is contrary to the principal's best interest, a duty to attempt to preserve the principal's estate plan if preserving the plan is consistent with the principal's best interest, the duty that an agent must act loyally for the sole benefit of the principal, and the duty that an agent must act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest.

65.  MICHELLE and TERESA have breached their fiduciary duties owed

to OLGA.

66.   MICHELLE   and   TERESA   procured   three   purported   trust documents.   These trust documents benefited MICHELLE, TERESA, and their immediate family and included making MICHELLE sole Successor Trustee of the Trust and making the Trust irrevocable, all without OLGA's knowledge and consent and against her wishes.

67.   MICHELLE and TERESA acted in their own best interests, not in the best interests of OLGA, by procuring these trust documents which financially benefited themselves and their immediate family, to the exclusion of Olga's other family members.

68.   MICHELLE further breached her fiduciary duties by accepting the position of sole successor trustee of the purported irrevocable trust, in which she and her immediate family were the sole beneficiaries, which created a conflict of interest and impaired her ability to act impartially in OLGA's best interest.

69.   OLGA has been damaged by MICHELLE'S and TERESA'S numerous breaches of their fiduciary duties that were owed to OLGA.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order, the terms of which will find MICHELLE and TERESA, as Co-Attorneys-in-Fact under the Durable Power of Attorney, liable for breaching their fiduciary duties, for attorneys' fees and costs against MICHELLE and TERESA pursuant to Florida Statutes §709.2116 and §709.2117, and such other relief the Court deems just and proper.

## COUNT IV
## CONSTRUCTIVE FRAUD
## (MICHELLE AND TERESA)

70.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37, 39 through 49, 51 through 61, and 63 through 69, as set forth above.

71.   This is an action for damages in excess of $15,000.00.

72.   The Defendants, MICHELLE and TERESA, abused, exploited, and took unfair advantage of their positions and confidential, fiduciary relationship with OLGA by procuring the three iterations of the trust, which effectively deprived OLGA of substantially all of her wealth.

73.   The Plaintiff was forced to incur substantial legal fees to recover her assets, which was caused by the Defendants' wrongful conduct.

74.   The Plaintiff has been damaged by the actions of the Defendants, MICHELLE and TERESA.

WHEREFORE, the Plaintiff prays this Honorable Court will enter judgment against the Defendants, MICHELLE GRASSO and TERESA GRASSO, and award damages to the Plaintiff in an amount in excess of $15,000.00, and to order such other and further relief as the Court deems just and proper in this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

BASKIN FLEECE
Attorneys at Law


JOSEPH W. FLEECE, III, ESQUIRE
FBN 301515 – SPN 178836
JEFFREY A. EISEL, ESQUIRE
FBN 92365 – SPN 3174475
13535 Feather Sound Drive, Suite 200
Clearwater, FL 33762
Telephone:  727-572-4545
Facsimile:  727-572-4646
Primary e-mail address:
jfleece@baskinfleece.com
Secondary e-mail addresses:
eservice@baskinfleece.com
Barbara@baskinfleece.com
Attorneys for Plaintiff