UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLGA T. GRASSO,

    Plaintiff,

v.                    Case No. 8:13-cv-3186-T-33AEP

MICHELLE GRASSO and TERESA
GRASSO,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Michelle Grasso's claim that the causes of action brought against her are barred by the doctrine of res judicata, as included in Defendants Michelle and Teresa Grasso's Motion to Dismiss, filed on September 5, 2014. (Doc. # 41). Plaintiff Olga T. Grasso filed a response in opposition thereto on September 19, 2014. (Doc. # 45). On October 3, 2014, with leave of Court, Michelle[1] filed a reply to Olga's response. (Doc. # 51).

The facts and procedural background are set forth in this Court's November 15, 2014, Order, wherein the Court found that it has personal jurisdiction over Michelle and Teresa

---

[1] Given that all parties have the same surname, the Court will refer to each by first name.

and denied their request to transfer the case to the Northern District of Oklahoma. (Doc. # 56). However, the Court reserved ruling on Michelle's argument that the claims brought against her are barred by the doctrine of res judicata. (Id.). On November 25, 2014, the Court heard oral argument as to this limited issue. (Doc. # 60). Upon due consideration, the Court finds that the claims brought against Michelle are not barred by the doctrine of res judicata.

**Analysis**

The doctrine of res judicata bars claims that were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). In the Eleventh Circuit, "when we are considering whether to give res judicata effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Crooked Creek Props. v. Ensley, 380 F. App'x 914, 915 (11th Cir. 2010)(internal citations omitted). Michelle contends that adjudication in this case should be precluded due to the Florida state court judgment involving the relevant trust documents. Accordingly, Florida law applies.

The Florida Supreme Court remarked in <u>Kimbrell v. Paige</u>, 448 So. 2d 1009 (Fla. 1984):

> Florida courts have consistently adhered to the rule that [a] judgment on the merits rendered in a former suit between the same parties or their privities, upon the same causes of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, *but as to every other matter which might with propriety have been litigated and determined in that action.*

<u>Id.</u> at 1012 (citing <u>Wade v. Clower</u>, 114 So. 548, 552 (1927)) (emphasis added).

In order for res judicata to apply under Florida law, four identities must occur simultaneously: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made." <u>Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc.</u>, 809 So. 2d 900, 902 (Fla. 5th DCA 2002)(citing <u>Albrecht v. State</u>, 444 So. 2d 8, 12 (Fla. 1984), superseded by statute on other grounds, <u>Bowen v. Fla. Dep't of Envtl. Reg.</u>, 448 So. 2d 566 (Fla. 2d DCA 1984)).

In <u>Ragsdale</u>, 193 F.3d at 1239, the Eleventh Circuit grappled with the quandary of "whether the causes of action

3

are the same" for purposes of applying the doctrine of res judicata. In that case, the Court explained that "the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." Id. (citations omitted). The Ragsdale Court further noted that, "[i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." Id. Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same claim or cause of action for purposes of res judicata." Id. (citations omitted).[2]

In the present matter, Michelle argues that this case "clearly arises out [of] the same nucleus of facts as the State Court Litigation." (Doc. # 41 at 13-14). In support of this contention, Michelle urges the Court to "look past the formulaic labels utilized by Plaintiff and instead focus on

---

[2] Similar to Florida law, under Eleventh Circuit precedent, "a claim will be barred by prior litigation if all four of the following elements are satisfied (1) there is a final judgment on the merits; (2) decision was rendered by a court of competent jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale, 193 F.3d at 1238.

4

the substance of her claims." (Id. at 13) (citations omitted). The Court does not dispute that the factual allegations averred in the operative complaint in the state court litigation are virtually identical to those set forth in the present action. (See Doc. ## 2, 45-10). However, even assuming that she has sufficiently demonstrated identity of the cause of action, Michelle has not established that all of the requisite identities exist.

In particular, the Court finds that the parties and "thing sued for" are not identical. First, the Florida Second District Court of Appeal – with the benefit of the entire record in the state court action – found that Olga's claims were only brought against Michelle in her capacity as a purported co-trustee:

> Olga Grasso asserted no claims against Margaret or Michelle in their individual capacities but only as purported cotrustees. As such Margaret and Michelle were not parties to the action in their individual capacities and the trial court erred in taxing costs against them individually. See Beseau v. Bhalani, 904 So. 2d 641, 642 (Fla. 5th DCA 2005) ("Although Appellant, 'individually' was named in the complaint's caption, the body of the complaint makes clear that her claims were made solely as personal representatives of the estate. Thus, Appellant was never a party to the action in her individual capacity.").

(Doc. # 49-1 at 2). Although the Court does not find this determination as straightforward as the decision suggests,

5

the Court nonetheless finds it appropriate to give deference to the Second District Court of Appeal's determination. Therefore, as the Second District Court of Appeal found that Michelle was not a party in her individual capacity in the state court litigation, there is no identity of the parties, because the present claims are brought against Michelle in her individual capacity.

Further, Michelle cannot establish identity of the "thing sued for." In the state court action, Olga requested the following relief:

> Count I of the Florida State Litigation sought a declaratory action on the validity of the purported trust documents, Count II sought a cancellation and revocation of the Amendment to the Olga Grasso Revocable Living Trust dated September 20, 2010, Count Three sought a modification or termination of the Trust, and Count IV sought a removal of Margaret and Michelle Grasso as Trustees.

(Doc. # 45 at 13; see Doc. # 45-10). In the present matter, however, Olga seeks monetary damages stemming from the alleged tortious conduct of Michelle in her individual capacity. (See Doc. # 2). Therefore, the relief sought in each action is distinct. See In re Jennings, 378 B.R. 687, 697 (M.D. Fla. Oct. 26, 2006) (finding that res judicata did not apply where, inter alia, the plaintiff had appeared only

6

as a creditor in the prior proceeding but was appearing as a representative of the estate in the matter before the court.).

Finally, to the extent that Michelle urges the Court to consider what claims *could have* been raised, it declines to do so. "[A] claim is not barred by res judicata simply because it could have been raised in the first action if it does not otherwise meet the four identities required by the doctrine." Harllee v. Procacci, No. 2D13-5409, 2014 WL 5653103 (Fla. 2d DCA Nov. 5, 2014). Therefore, the present Motion is denied, as the doctrine of res judicata does not bar the present claims against Michelle. In turn, Olga's Amended Complaint is due December 3, 2014, pursuant to this Court's October 2, 2014, Order. (Doc. # 50).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Michelle and Teresa Grasso's Motion to Dismiss Amended Complaint for Abuse of the Elderly, Unauthorized Practice of Law, Breach of Fiduciary Duty and Constructive Fraud (Doc. # 41) is **DENIED.**

(2) Plaintiff Olga Grasso's Amended Complaint is due **December 3, 2014**, pursuant to this Court's October 2, 2014, Order. (Doc. # 50).

7

(3) Defendants Michelle and Teresa Grasso are directed to file a response to the Amended Complaint on or before **December 31, 2014.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of November, 2014.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record