**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**OLGA T. GRASSO,**

      **Plaintiff,**

**v.**                                            **CASE NO.: 8:13-cv-3186-T-33AEP**

**MICHELLE GRASSO and**
**TERESA GRASSO,**

      **Defendants.**

_____/

<u>**ORDER**</u>

This cause comes before the Court on the Defendant's Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion to Compel ("Motion") (Dkt. No. 90), Plaintiff's Response thereto (Dkt. No. 94), and the Defendants' Reply (Dkt. No. 97). For the following reasons, the Court GRANTS IN PART Defendants' Motion.

**I.      Background**

A hearing was held and an Order entered on June 8, 2015, granting in part and denying in part the Defendants' Motion to Compel Production (Dkt. No. 75).  (Dkt. No. 84.)  While the Court's June 8, 2015 Order denied Defendants' request for unredacted attorney's fee invoices, Defendants were granted leave to move for reconsideration if legal authority supporting Defendants' position could be identified and provided to the Court.[1]  (Dkt. No. 90-1.)

---

[1] Because the Court invited the Defendants to submit briefing on this topic, it will not review Defendants' motion under the reconsideration standard, but, rather, will conduct a de novo review of the issues before it.

The Defendants now petition the Court to reconsider its Order denying Defendants' request for unredacted attorney's fee invoices.  Defendants contend the invoices are necessary to prove the reasonableness of the attorney's fees in the underlying case, sought by Plaintiff in this action as damages (Dkt. No. 90).  Plaintiff avers the invoices are not relevant and additionally that they are protected by attorney-client privilege (Dkt. No. 95).

## II.    Discussion

Defendant argues that Plaintiff should be required to produce the subject attorney's fee invoices in unredacted form[2] in response to Defendant Interrogatory Number 3.  Plaintiff first contends that she fully complied with Interrogatory Number 3 and the request for unredacted invoices is thus an improper expansion of the Interrogatory.  To the extent Plaintiff contends that their alleged compliance with the Interrogatory should result in waiver rendering the redacted portions of the subject invoices undiscoverable, the Court declines to endorse such a narrow and technical position, which stands at odds with the overall purpose of the discovery process.  *See generally United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (noting that discovery instruments are principally intended to serve the purpose of making "trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.").  Accordingly, the substance of the discovery dispute will control the Court's analysis— not the semantic scope of the served interrogatory.

Turning to Plaintiff's relevancy objection—Plaintiff contends the redacted information is not relevant because Plaintiff need not prove, and Defendants may not contest, the "reasonableness" of the amount of attorney's fees sought from the underlying action.  For the

---

[2] Defendants note that the subject invoices were redacted to remove all descriptive information on the invoices (including the description of work performed) except for the number of hours billed and the hourly rates for the billing attorneys.

following reasons, Plaintiff's position is untenable and lends itself to an evidentiary determination rather than one made in the context of discovery.

Plaintiff's complaint brings five counts: 1) Exploitation of the Elderly under §415.1111, Florida Statues, 2) Civil Remedy for Exploitation of an Elderly Person under §772.11, Florida Statues, 3) Breach of Fiduciary Duty under §§709.2116 and 709.2117, Florida Statues, 4) Constructive Fraud and 5) Replevin. [3]   (Dkt. No. 62.)   While a cause of action brought under § 709.2117, Florida Statues, appears to limit the scope of recovery to precisely the amount paid due to the agent's fiduciary breach, the limits of recovery under counts one, two, and four are less clear. Under counts one and two, a prevailing plaintiff is statutorily entitled to "actual damages."  Fla. Stat. §415.1111; Fla. Stat. §772.11.  Neither statute defines the term "actual damages," *see* Fla. Stat. Ann. § 415.102; Fla. Stat. Ann. § 772.102, and the Court is unaware of any legal authority interpreting the term 'actual damages' under either statute.  Nevertheless, Florida law generally treats the term 'actual damages' as synonymous with 'compensatory damages.'  *See, e.g., Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950) ("Since it is used synonymously with 'compensatory damages' in many of our decided cases, we think it is fair to assume that 'actual damages' mean 'compensatory damages.'"); *Miami Herald Pub. Co. v. Brown*, 66 So. 2d 679, 680 (Fla. 1953) (en banc) (same); *Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 829-30 (Fla. 4th DCA 2010)

---

[3] Currently pending, but not before the undersigned, is a dispute over whether Plaintiff now seeks to assert a new theory under Florida's Wrongful Act Doctrine.  (Dkt. Nos. 98, 106, 109).  If Plaintiff is allowed to proceed, both procedurally and on the merits, under this theory, attorney's fees sought as damages under the doctrine must be reasonable.  *Robbins v. McGrath*, 955 So. 2d 633, 634 (Fla. 1st DCA 2007) ("[W]here the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of damages." (quoting *Northamerican Van Lines, Inc. v. Roper*, 429 So. 2d 750, 752 (Fla. 1st DCA 1983))).

(aligning the definition of "actual damages" as employed under the Florida Deceptive and Unfair Trade Practices Act with "compensatory damages"); *see also* 17 Fla. Jur 2d Damages § 7.  Indeed, decisions involving §772.11, Florida Statues, employ the terms interchangeably.  *See Ocala Jockey Club, LLC v. Rogers*, 981 So. 2d 1245, 1248 (Fla. 5th DCA 2008) (referring to actual damages under the § 772.11 as compensatory damages); *see also Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1478 (11th Cir. 1991) (intimating that actual damages recoverable under § 772.11 are treated under Florida law as compensatory damages).  Likewise, it is well established that compensatory damages for fraud are an essential part of the cause of action.  *See Rolls v. Bliss & Nyitray, Inc*., 408 So. 2d 229, 237 (Fla. 3rd DCA 1981); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 845 F. Supp. 2d 1241, 1254 (M.D. Fla. 2012) aff'd in part, 505 F. App'x 928 (11th Cir. 2013) ("It is a well-settled in Florida that there must be actual damages to recover in a fraud action.").

Plaintiff maintains that Florida law requires only that plaintiff prove damages to a reasonable degree of certainty, and that Defendants purported intent to use the redacted information to cross examine a Florida litigation attorney regarding services performed in the underlying case would be improper.  This argument fails on two grounds.  First, at its essence lies evidentiary issues not before the undersigned.  Second, as previously noted, this argument appears to confuse sufficiency of evidence with the substantive limitations of recovery of compensatory damages.  The Court is unaware of any authority that would preclude the defense from challenging the merits of Plaintiff's alleged compensatory damages—whether it be the reasonableness of costs vis-à-vis the legal market for like services or the necessity of services rendered in terms of the causal relationship between the expense incurred and the underlying litigation.  To the contrary, Florida law appears to widely support the proposition that attorney's fees sought as an element of damages must be reasonable.  *See Quality Holdings of Florida, Inc. v. Selective Investments, IV,*

*LLC*, 25 So. 3d 34, 37 (Fla. 4th DCA 2009) (discussing attorney's fees as an element of damages while noting: "[t]he law is clearly established that an award of attorney's fees 'must be supported by substantial competent evidence and contain express findings regarding the number of hours *reasonably* expended and a *reasonable* hourly rate for the type of litigation involved.'" (emphasis added) (citation omitted) (finding the bare description of "Legal fees" next to an amount to be insufficient)); *Brewer v. Solovsky*, 945 So. 2d 610, 611 (Fla. 4th DCA 2006) ("Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee.); *Fraser v. Sec. & Inv. Corp.*, 615 So. 2d 841, 843 (Fla. 4th DCA 1993) (partially vacating a verdict due to lack of evidence as to reasonableness of attorney's fees sought as an element of damages); *cf. Hanna v. Martin*, 49 So. 2d 585, 587 (Fla. 1950) (discussing compensatory damages in terms of reasonableness of cost).

Plaintiff's appeal to *Sea World of Florida, Inc. v. Ace Am. Ins. Companies, Inc.* ("Sea World") is unavailing. 28 So. 3d 158 (Fla. 5th DCA 2010). The Fifth District Court of Appeal in *Sea World* was addressing a sufficiency of proof issue regarding corroborative testimony from an independent expert, not the substantive requirement of reasonableness of damages. *See* 28 So. 3d at 160-61 (discussing the historical origins of this requirement); *see also Schwartz v. Bloch*, 88 So. 3d 1068, 1072 (Fla. 4th DCA 2012) ("We apply the reasoning in Sea World in this case and conclude that, because plaintiff was seeking fees and costs incurred in the litigation with his family as an element of his compensatory damages under the wrongful act doctrine, he was not required to present corroborating testimony from an independent expert."). In fact, *Sea World* appears to support the conclusion that attorney's fee damages sought from the underlying action must be reasonable. *See* 28 So. 3d at 160 (discussing recovery for reasonable attorney's fees before engaging the issue on appeal regarding sufficiency of evidence of reasonableness). Accordingly,

Plaintiff has provided the Court with no basis to preclude discovery of the redacted invoices under color of relevancy.

Finally, Plaintiff additionally asserts attorney-client privilege over the information contained in the subject invoices. "The attorney-client privilege applies to confidential communications made in the rendition of legal services to the client." *S. Bell Tel. & Tel. Co. v. Deason*, 632 So.2d 1377, 1380 (Fla.1994). *See* § 90.502, Fla. Stat. (2003). Where billing statements may include detailed descriptions of the nature of the services rendered and could therefore reveal the mental impressions and opinions of the attorneys to opposing counsel, the billing statements may be protected from discovery by attorney client privilege. *See, e.g.*, *Old Holdings, Ltd. v. Taplin, Howard, Shaw & Miller, P.A.,* 584 So. 2d 1128, 1128 (Fla. 4th DCA 1991); *Finol v. Finol*, 869 So. 2d 666, 666 (Fla. 4th DCA 2004). At this juncture, however, the Court is unable to determine whether the redacted information poses such a threat. Therefore, the appropriate course is for the trial court to examine the invoices in camera. *See Bennett v. Berges,* 84 So. 3d 373, 375 (Fla. 4th DCA 2012); *Old Holdings*, 584 So. 2d at 1129.

Accordingly, after due consideration, it is hereby

ORDERED:

Defendants' Motion is GRANTED IN PART and DENIED IN PART. Plaintiff shall, to the extent no attorney-client privilege is asserted, produce to Defendants unredacted copies of the Attorneys' Fees Invoices attached to Plaintiff's Verified Responses to Defendants' First Set of Interrogatories. For the portions of those invoices over which Plaintiff continues to assert attorney-client privilege, Plaintiff is DIRECTED to, within **seven (7)** days of the date of this Order, submit unredacted versions to the Court for in camera review.

**DONE AND ORDERED** at Tampa, Florida this 2nd day of September, 2015.


ANTHONY E. PORCELLI
United States Magistrate Judge


Copies furnished to:
Counsel of Record