UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OLGA T. GRASSO,

    Plaintiff,

v.                                                      CASE NO.: 8:13-cv-3186-T-33AEP

MICHELLE GRASSO and
TERESA GRASSO,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Plaintiff Olga Grasso's Motion for Attorney's Fees, Costs, and Prejudgment Interest and Memorandum of Law in Support (Dkt. No. 187) ("Plaintiff's Fee Motion"), as well as Defendant Teresa Grasso's Motion for Entitlement to Attorneys' Fees (Dkt. No. 191) ("Defendant's Fee Motion").[1] Plaintiff argues that she is entitled to attorneys' fees and costs because she prevailed and recovered damages on Count I of this action; Defendant, in turn, argues that she is entitled to fees and costs because Plaintiff did not prevail or recover damages on Count II of this action. For the reasons set forth below, it is recommended that Plaintiff's Fee Motion be granted in part and denied in part and Defendant's Fee Motion be denied.

**PROCEDURAL POSTURE**

The present matter arises from protracted trust litigation in both state and federal court regarding a dispute as to a family inheritance. In February 2011, Plaintiff Olga Grasso ("Olga") filed a suit in Florida state court against her daughter-in-law Margaret Grasso ("Margaret") and

---

[1] Both Parties also filed Responses, (Dkt. Nos. 193, 194), Replies (Dkt. Nos. 205, 206), and Sur-Replies (Dkt. Nos. 211, 212).

granddaughter Michelle Grasso ("Michelle"). (*See* Dkt. No. 62.) The gravamen of Olga's state court action was that Margaret and Michelle had manipulated Olga into disinheriting her son, Robert Grasso ("Robert"), and, instead, creating an estate plan that favored Margaret, Michelle, and Plaintiff's other granddaughter Teresa Grasso ("Teresa"). (*See* Dkt. Nos. 162, 195.) In particular, Olga alleged that Michelle improperly commandeered Olga's assets by taking control of Olga's living trust. (*See* Dkt. No. 62.) In July 2013, while the original state court action was still pending, Olga filed the present suit against Michelle and Teresa in state court seeking, in essence, recovery of her attorneys' fees incurred in the original state court action. (*See* Dkt. No. 1 at 30.) In September 2013, the Florida state court entered judgment against Margaret and Michelle, ordering the return of Olga's assets. (*See* Dkt. No. 62.)

Michelle and Teresa (collectively, "Defendants") removed the action to recover attorneys' fees to this Court in December 2013, and extensive motion practice promptly ensued. Although at the core of the dispute between the parties was the attorneys' fees incurred in the original state court action, Olga amended her compliant in the instant matter and protracted the dispute by pursuing additional claims. (*See* Dkt. No. 62 at 5 (stating "[t]he Florida State Litigation lasted over two and half years and Olga incurred significant legal fees and costs.") In her Amended Complaint (Dkt. No. 62), Olga raised five causes of action:

I. Exploitation of the elderly under the Florida Adult Protective Services Act, Section 415.1111, Florida Statutes;

II. Civil remedy for exploitation of an elderly person under the Florida Civil Remedies for Criminal Practices Act, Sections 825.103 and 772.11, Florida Statutes;

III. Breach of fiduciary duty;

IV. Constructive fraud; and

V. Replevin.

(Dkt. No. 62.) The Court later granted partial summary judgment in Defendants' favor on Count III, breach of fiduciary duty. (*See* Dkt. No. 119.) Finally, about two years after removal to federal court, this case went to trial. At trial, Olga voluntarily dismissed her Count V claim for replevin. (*See* Dkt. No. 158.) Counts I, II, and IV were submitted to the jury.

The jury found for Olga on Count I only, and awarded her $159,587.05, which was in essence damages awarded for attorneys' fees incurred in the original state court action, from Defendants. (*See* Dkt. No. 167.) Defendants subsequently filed a motion for judgment as a matter of law under Rule 50, Federal Rules of Civil Procedure (Dkt. No. 176), which the Court denied (Dkt. No. 185). Olga and Teresa subsequently filed the motions for fees currently pending before this Court. Olga seeks $332,368.10 in attorneys' fees; $12,112.84 in non-taxable expenses; and prejudgment interest. Teresa seeks $379,189.60 in attorneys' fees.

## ANALYSIS

### A. Plaintiff's Fee Motion

#### I. Entitlement to Attorneys' Fees

As noted above, Olga brought a claim for exploitation of the elderly under § 415.1111, Florida Statutes (Count I). Under this statute, the prevailing party is entitled to an award of attorney's fees; specifically, "[a] party who prevails in any such action may be entitled to recover reasonable attorney's fees, costs of the action, and damages." Fla. Stat. § 415.1111. Here, the jury found for Olga on Count I. The jury concluded that Olga proved by a preponderance of evidence that (1) she was a vulnerable adult; (2) Defendants exploited her; and (3) the exploitation was the proximate cause of her damages. Olga now moves for fees under § 415.1111. In *Shave v. Stanford Financial Group, Inc.,* the court examined the § 415.1111 fee provision and awarded attorneys' fees to a prevailing defendant without analysis of any factors governing the courts' discretion. 07-

60749-CIV, 2008 WL 3200705, at *2 (S.D. Fla. Aug. 6, 2008) (merely noting "[t]he issue of entitlement is easily resolved in favor of defendant.").

In a diversity action, attorneys' fees motions are determined in accordance with state law. *Hegel v. First Liberty Ins. Corp.*, 8:12-CV-1161-T-17MAP, 2014 WL 5473185, at *2 (M.D. Fla. Oct. 23, 2014). In Florida, courts look to the substance of litigation outcomes, not just procedural maneuvers, in determining whether a party has prevailed. *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.,* 125 So. 3d 1034, 1041 (Fla. 2d DCA 2013). The test for determining the prevailing party is whether the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Moritz v. Hoyt Enterprises, Inc.,* 604 So. 2d 807, 809 (Fla. 1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. at 1939, 76 L.Ed.2d 40 (1983)).

In a multi-count complaint, a party that prevails on a single count is the prevailing party if the other counts are alternative legal theories. *Hendry Tractor Co. v. Fernandez*, 432 So. 2d 1315, 1316 (Fla. 1983). Florida permits multiple prevailing parties under very limited circumstances, but only when each count is so separate and distinct as to support an independent action, as opposed to an alternative legal theory. *Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986). A party entitled to fees on only one count may recover a full fee if the other counts involve a common core of facts and are based on related legal theories, unless it can be shown that the attorneys spent a separate and distinct amount of time on counts for which no attorney's fees were sought. *Current Builders of Fla., Inc. v. First Sealord Sur., Inc.,* 984 So. 2d 526, 533 (Fla. 4th DCA 2008). In other words, "the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims." *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th

DCA 2002) (quoting *Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc.,* 534 So. 2d 1187, 1193 (Fla. 4th DCA 1988)).

The undersigned finds that Counts I, II, III, and IV were all alternative legal theories for the essential claim that Margaret and Michelle exploited Olga. Each of these counts was based on the allegations that Margaret and Michelle manipulated Olga into disinheriting her son, Robert; that Margaret and Michelle created an estate plan that favored Margaret, Michelle, and Teresa; and that Michelle improperly commandeered Olga's assets by taking control of Olga's living trust. Because Olga prevailed on Count I, Olga is the prevailing party in this action and thus is entitled to an award of attorneys' fees.

By the plain language of § 415.1111, the court "may" within its discretion award fees and costs for Olga, as the prevailing party. Fla. Stat. § 415.1111 (stating "[a] party who prevails in any such action **may** be entitled to recover reasonable attorney's fees [and] costs . . . .") (emphasis added). No court has detailed a standard to consider when executing the discretionary authority in awarding fees under § 415.1111. In this instance, the parties offer differing standards to be applied. Defendants argue that Olga should not recover fees, urging the Court to apply the non-exhaustive factors set forth in *Blanco v. TransAtlantic Bank*, which are used to evaluate fee entitlement under the Florida Whistleblower Act. 07-20303-CIV, 2009 WL 2762361 (S.D. Fla. 2009). These factors include:

> (1) the scope and history of the litigation, including whether the Plaintiff continued to prosecute the action despite the presence of an efficient resolution to the case; (2) the parties' wealth disparity; (3) whether an award of fees would frustrate the [statute's] remedial purpose by deterring worthy claimants; (4) whether the opposing party's case was meritorious or frivolous; and (5) whether the opposing party acted in good or bad faith.

*Id.* at \*2. Under such application, Defendants argue that Olga should not recover fees. In contrast, Olga urges this Court to adopt the Florida Civil Rights Act fee standard. As articulated in

*Christiansburg Garment Co. v. E.E.O.C.*, a prevailing plaintiff is entitled to fees "in all but special circumstances." 434 U.S. 412, 416–17 (1978).  The *Christiansburg* standard has been expressly adopted by Florida in cases under the Florida Civil Rights Act. *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007) (citing *Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y,* 951 So. 2d 966, 970 n. 1 (Fla. Dist. Ct. App. 2007)). Olga argues that civil rights claims are analogous to claims for exploitation of the elderly, and, thus, this standard would be more applicable than the *Blanco* factors.  Under this more permissive standard, akin to a rebuttable presumption of a fee award, Olga argues that she is entitled to attorneys' fees.

Upon review of the record, the Court does not have to decide whether the *Christiansburg* or *Blanco* standards should be applied to a fee award under § 415.1111 because it is apparent that fees should be awarded to Olga under either the *Christiansburg* or *Blanco* standards.  Clearly, examining the facts through the lens of *Christiansburg*, Olga would be entitled to recover fees and costs because she was the prevailing party and there are no special circumstances in the record that would prevent her from recovering such an award.  And, under the *Blanco* factors, Olga should be entitled to reasonable fees and costs because a denial of such an award would most certainly frustrate the remedial purpose of the statute.  Simply stated, under either the *Christiansburg* or *Blanco* standards, the undersigned finds that an award of fees and costs for Olga is appropriate.

The Defendants' arguments against Olga's entitlement to fees under the *Blanco* factors are not without merit, however. Namely, the Defendants' arguments that Olga unnecessarily prolonged this fee dispute by pursuing it in a separate action and overreached in the dispute by seeking treble damages are persuasive.  Although these arguments are not compelling enough to deny Olga a fee award, they present definite issues that must be considered when determining the reasonableness of the award.

## II. Amount of the Fees and Costs

After determining a prevailing party's entitlement to fees, the Court must then consider the reasonableness of the amount of fees and costs to award. Here, since Olga is the prevailing party in this matter, the Court must assess the reasonableness of the amount of fees and costs to award. Given the record, the undersigned concludes, as discussed below, that Olga should be awarded $110,789.37 in fees and $9,830.77 in costs, plus prejudgment interest.

### i. Reasonableness of the Amount of Attorneys' Fees

As a starting point, determining the reasonableness of attorneys' fees begins with "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. After the amount, known as the lodestar, is calculated, the court is permitted to make adjustments to that amount. *Id.* at 434. Although the evaluation of the reasonableness begins with a mathematical formula, there are additional considerations that are far from formulaic. In fact, a court maintains broad discretion in determining the amount of a fee award, although it must "provide a concise but clear explanation for its reasons for the fee award." *Id.* at 437.

A court may consider the factors set forth in *Johnson v. Ga. Highway Express, Inc.* to determine reasonableness. 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 89 (1989). The 12 *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 717–19. The *Johnson* factors are used to determine the lodestar figure, rather than to adjust the lodestar. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008).

If a court determines that the number of hours is unreasonably high, there are two recognized methods available to the court to reduce the amount of attorneys' fees: "it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Id.* at 1350. *See also Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (concluding that a court may provide a concise, clear explanation for the reduction of fees when a review of the fee application is voluminous); *Baby Buddies, Inc. v. Toys R Us, Inc.*, 8:03-CV-1377-T-17MAP, 2011 WL 4382450, at *10 (M.D. Fla. 2011), *report and recommendation adopted*, 8:03-CV-1377-T-17MAP, 2011 WL 4382285 (M.D. Fla. 2011) (applying a twenty percent reduction to a prevailing defendants' fees after finding that both the hourly rates were unreasonable and the number of hours excessive); *Smith v. Psychiatric Sols., Inc.*, 3:08CV3/MCR/EMT, 2013 WL 2181101, at *7 (N.D. Fla. May 20, 2013), *aff'd*, 750 F.3d 1253 (11th Cir. 2014) (reducing fees by a percentage to calculate reasonable fees to account for the wealth disparity between the parties). Additionally, the court may adjust the amount of attorneys' fees by considering the degree of success obtained by the prevailing party. *Hensley*, 461 U.S. at 436. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436–37.

Against this backdrop, the undersigned finds it most appropriate to apply an across-the-board reduction proportionate to the amount of Olga's success. Olga believes that she deserves $332,368.10 in fees to prosecute this action, but that amount is more than twice the amount she actually recovered. In proportion to the recovery, an award of the full $332,368.10 is undeniably

excessive. Further, Olga should not be awarded the full amount of requested fees because Olga unnecessarily prolonged the underlying fee dispute. Olga originally pursued an action against Michelle and Margaret in state court to remedy the abuse done to her. However, rather than pursue her fees in the underlying state court action, Olga, for unexplained reasons, then chose to file this separate action. Olga filed this action before the conclusion of the original state case, and there was no reason that this claim could not have been brought in that action with the joinder of Teresa. Significantly, by later amending her complaint in this case, (*see* Dkt. No. 62), Olga not only pursued the fees from the underlying state case, but sought treble damages, in which she essentially sought damages just under a half million dollars. Specifically, Olga sought treble damages under the Florida Civil Remedies for Criminal Practices Act, § 772.11, Florida Statutes, *i.e.*, she sought triple the amount of attorneys' fees that she expended in the original state court action, $495,000.00 in total. (*See* Dkt. No. 62, Ex. A, Ex. B.) However, Olga only was awarded $159,587.05 for the attorneys' fees expended in the original state court action, but not the treble damages. The instant case took over two years to litigate through judgment and involved a motion to dismiss, discovery, summary judgment, a motion for judgment as a matter of law, and trial. Undoubtedly, Olga's litigation strategy unnecessarily prolonged a simple fee dispute and caused all parties to accrue large amounts of fees and costs.

Based on the review of the record and the factors considered above, the undersigned recommends that the Court apply a one-third reduction of the requested attorneys' fees given that the ultimate recovery of $159,587.05 in this case was essentially one-third of the $495,000.00 in damages pursued by Olga, and the $332,368.10 in attorneys' fees now sought by Olga in this case is more than double her recovery of $159,587.05 for the attorneys' fees incurred in the original state court case. In proportion to the damages recovered in this case, damages which are simply

representative of the attorneys' fees incurred in the original state court action, an attorneys' fees award in this case of $332,368.10 is excessive and unreasonable. For these reasons, a reduction of the requested attorneys' fees to $110,789.37 is appropriate and still fulfills the Florida legislature's stated purpose to remedy the abuse of older citizens. For these reasons, the undersigned recommends that Olga be awarded one third of the $332,368.10 attorneys' fees sought, totaling $110,789.37.

### ii. Costs

Olga contends that she is entitled to costs pursuant to §§ 415.1111 and 57.041, Florida Statutes, and Rule 54(d), Federal Rules of Civil Procedure. In diversity cases, a district court must apply federal law to determine whether a plaintiff is entitled to costs. *See Wendel v. USAA Cas. Ins. Co.*, 808-CV-536-T-23EAJ, 2009 WL 1971451, at *6 (M.D. Fla. July 8, 2009) ("Even in diversity cases, however, the taxation of costs by a federal court is controlled by federal law rather than state law."); *see also Shave*, 2008 WL 3200705, at *5 (applying federal law to determine costs in a Fla. Stat. § 415.1111 action).

Under Rule 54(d), "costs . . . should be allowed to the prevailing party" unless a federal statute, a Federal Rule of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d). "[A] court may only tax costs as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>   (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).  The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger*, 10 F.3d at 784.

Olga filed an Affidavit in Support of Bill of Costs pursuant to 28 U.S.C. § 1920 itemizing the costs to which she believes she is entitled, for a total of $14,308.75. (Dkt. No. 190, Ex. A.)  In the Affidavit, Olga seeks recovery of costs for the service of summonses and subpoenas, for printed or electronically recorded transcripts, witness fees, copying fees, and scanning fees.  Defendants only object to the fees for scanning and for certain copies.

Under 28 U.S.C. § 1902(4), costs for exemplification and copies are recoverable when they are "necessarily obtained for use in the case."  "The prevailing party cannot recover for copies made merely for counsel's convenience and Defendant bears the burden of showing that the copy costs are recoverable."  *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1355 (S.D. Fla. 2009). "Extra copies of filed papers, correspondence, and copies of cases are considered obtained only for the convenience of counsel." *Am. Home Assurance Co. v. The Phineas Corp.*, No. 8:02-cv-736-T-26EAJ, (M.D. Fla. Sept. 17, 2004).  If the moving party has not described the

11

photocopying costs "sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety." *Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1340–41 (M.D. Fla. 2002).

Defendants contest all but $81.27 of Olga's claimed copying and printing costs because Olga either failed to identify the purpose of the copies, failed to show how the copies were not for the convenience of counsel, or failed to separate the cost of non-compensable items from items that may be compensable. Defendants also argue that Olga cannot recover her claimed printing costs for exhibits and trial notebooks. *See Bumpers v. Austal U.S.A., L.L.C*, CA 08-00155-KD-N, 2015 WL 6870122, at *11 (S.D. Ala. Nov. 6, 2015). Indeed, Olga's descriptions are often vague and do not show how the copies were necessarily obtained for use in the case. Accordingly, Olga can only recover $81.27 for copies that are justified as necessary for her case.

Defendants contest all of Olga's costs for scanning. It is unclear whether scanning costs are never recoverable, or if they are recoverable to the extent that they are necessary for use in the case. *See Awwad v. Largo Med. Ctr., Inc.*, 8:11-CV-1638-T-24, 2013 WL 6198856, at *6 (M.D. Fla. Nov. 27, 2013) ("[T]he invoices include amounts for scanning . . . . These additional costs extend beyond the scope of copying, and alternatively, are for the convenience of counsel."); *Burns v. City of Cape Coral*, 2:10-CV-573-FTM-29, 2012 WL 5381944, at *3 (M.D. Fla. Nov. 1, 2012) ("The Court will however reduce the amount to eliminate the cost of 'scanning,' clearly a cost for the convenience of counsel."). Notwithstanding, even if scanning is a recoverable cost when scans are necessary for use in the case, Olga has not articulated how her scanning costs were necessary and not just for the convenience of counsel. Olga failed to carry her burden to demonstrate her entitlement to recovery of scanning costs; therefore, she is not entitled to an award

of the $289.65 for scans. Accordingly, when subtracting the disallowed costs from the total costs sought by Olga, an award of $9,830.77 in costs is appropriate.

### iii. Prejudgment Interest

In addition to fees and costs, Olga argues that she is entitled to prejudgment interest from the date of the initiation of the instant litigation through the date of the jury's verdict. Florida law governs this issue because "[i]n a diversity case, 'whether a successful claimant is entitled to prejudgment interest is a question of state law.'" *Peeler v. KVH Industries*, No. 8:12-cv-1584-T-33TGW, 2013 WL 5289733, at *2 (M.D. Fla. Sept. 19, 2013) (citing *Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir.1996)). In Florida, prejudgment interest is "merely another element of pecuniary damages." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985). "[W]hen a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.* at 215. "A claim becomes liquidated and susceptible of prejudgment interest when it has the effect of fixing damages as of a prior date." *Id.* (quoting *Bergen Brunswig Corp. v. State, Dept. of Health & Rehab. Servs.*, 415 So. 2d 765, 767 (Fla. 1st DCA 1982)).

After a determination that a party is entitled to prejudgment interest, a court need not make any further findings of fact; instead, the court must determine the amount of money to which the party is entitled. *Argonaut*, 474 So. 2d at 215 ("Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation."). A court has no authority to deviate from the statutorily mandated rate. *Id.* ("[J]ust as the loss theory forecloses discretion in the award of prejudgment interest, there is no discretion in the rate of that interest."); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 (11th Cir. 1991) (recognizing that the

court has no discretion to change the statutory rate). The applicable rate for each year is mandated by § 55.03, Florida Statutes and published by the Florida Chief Financial Officer.

Defendants do not dispute Olga's entitlement to prejudgment interest. In Plaintiff's Fee Motion, Olga states that she is entitled to $13,657.00 from Michelle, and $3,414.29 from Teresa. Olga failed to include any attachments indicating how she calculated this amount. Because Olga is ordinarily entitled to prejudgment interest as a matter of course, she is to be awarded prejudgment interest. Thus, it is recommended that the Court grant Olga ten days from the district court's ruling to submit a prejudgment interest calculation for the Court's approval.

## B. Defendants' Fee Motion

### I. Entitlement to Attorneys' Fees

Teresa contends that she is entitled to attorneys' fees under the Florida Civil Remedies for Criminal Practices Act, § 772.11, Florida Statutes. As stated in her Complaint, Olga brought, as Count II, a claim for exploitation of an elderly person under §§ 772.11 and 825.103, Florida Statutes. Under § 772.11, a plaintiff who proves by clear and convincing evidence that he or she has been the victim of elder exploitation under § 825.103 may recover treble damages. Furthermore, "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11. Because the jury found for Defendants on Count II, Teresa argues that she is entitled to fees because Olga's § 772.11 claim was without substantial factual or legal support. Olga argues that Count II was merely an alternative claim to Count I, arising from the same set of facts—Michelle and Teresa's attempt to seize control of Olga's funds. Olga contends that because she prevailed on Count I, she also prevailed on the alternative claim, Count II. *See Hendry Tractor Co.*, 432 So. 2d at 1316; *Folta*, 493 So. 2d at 442.

Thus, as the prevailing party on Count II, Olga argues that she is not liable for attorneys' fees. Olga's argument fails on this basis.

Section 772.11 is not a prevailing party statute. By the plain language of the statute, the defendant **"is entitled"** to recover fees if a claim brought under the statute is without substantial factual or legal support. Fla. Stat. § 772.11 (emphasis added). The fact that Olga prevailed on Count I does not preclude Teresa from recovering fees if Count II was without substantial factual or legal support. *See Skubal v. Cooley*, 650 So. 2d 169, 170 (Fla. 4th DCA 1995) ("The fact that the plaintiff has prevailed on other claims does not affect the defendant's rights to attorney's fees in defending against a civil theft claim which was without factual or legal support."); *Friedman v. Lauderdale Med. Equip. Serv.*, 591 So. 2d 328 (Fla. 4th DCA 1992) ("That other facts may justify recovery on other claims does not vitiate the appellant's entitlement to attorney's fees under § 812.035(7) or § 772.11 which both require only that the appellant prove that the civil theft claim is without substantial factual or legal support."); *Lochrane Engineering, Inc. v. Willingham Realgrowth Inv. Fund, Ltd.*, 563 So. 2d 719, 720 (Fla. 5th DCA 1990) ("Merely labeling the plaintiff's alternative theories of recovery as being 'interrelated claims' is not reason for denying attorney's fees to a party who has prevailed on a claim which includes an entitlement to attorney's fees by the prevailing party.").

That said, because Count I and Count II arise from the same set of facts, the jury verdict in Olga's favor as to Count I is relevant to whether Olga brought forth "substantial fact or legal support" to support her claim in Count II. *See* Fla. Stat. § 772.11(1). There is little guidance as to the meaning of "substantial fact or legal support" in Florida case law. The Civil Remedies for Criminal Practices Act does not define this phrase, nor does Florida case law give this phrase a precise meaning in the § 772.11 context. *See* Fla. Stat. § 772.11. The standard is less stringent

than the § 57.105, Florida Statutes standard for frivolous claims, which requires a "complete absence of a justiciable issue of either law or fact before a losing party would be obligated to pay the opposing party's attorney's fees." *Skubal*, 650 So. 2d at 170. However, the standard requires more than the mere fact that defendant was the prevailing party to warrant a fee recovery in defendant's favor. *See Standafer v. Schaller*, 726 So. 2d 352, 353 (Fla. 2d DCA 1999) ("[T]he failure of a plaintiff to prevail on a civil theft claim by clear and convincing evidence does not necessarily mean that the claim was without substantial fact or legal support.").

Florida state and federal law define a similar standard, "substantial evidence," as "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *De Groot v. Sheffield*, 95 So. 2d 912, 916 (Fla. 1957); *see also Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998). In other words, it is "more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). At least one Florida court has defined "substantial" to mean **"'at least enough to take the question to the jury.'"** *State v. Morales*, 460 So. 2d 410, 415 (Fla. 2d DCA 1984) (citations omitted) (emphasis added). The undersigned concludes that the § 772.11 "substantial fact or legal support" standard should be considered akin to the existing substantial evidence standard. Thus, to recover fees, Defendants must show that Olga's Count II § 772.11 claim was not supported by substantial evidence.

**II.   Analysis**

The jury decided in Olga's favor on Count I, the claim under the Adult Protective Services Act. Although the jury ruled against Olga on her Count II elder exploitation claim under the Florida Civil Remedies for Criminal Practices Act, the elements of both claims are similar.

**Definition of "Vulnerable Adult"**
"Vulnerable adult" means a person 18 years of age or older whose ability to perform the normal activities of daily living or to provide for his or her own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging. Fla. Stat § 415.102(28).

**Definition of "Elderly Person"**
"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age or organic brain damage, or other physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired. Fla. Stat. § 825.101(4).

**Exploitation under Count I**
(1) A person who stands in a position of trust and confidence with a vulnerable adult and knowingly, by deception or intimidation, obtains or uses, or endeavors to obtain or use, a vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive a vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult; or

(2) A person who knows or should know that the vulnerable adult lacks the capacity to consent, and obtains or uses, or endeavors to obtain or use, the vulnerable adult's funds, assets, or property with the intent to temporarily or permanently deprive the vulnerable adult of the use, benefit, or possession of the funds, assets, or property for the benefit of someone other than the vulnerable adult. Fla. Stat. § 415.102(8)(a)(1)-(2)

**Exploitation under Count II**
(a) Knowingly obtaining or using, or endeavoring to obtain or use, an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who:
1. Stands in a position of trust and confidence with the elderly person or disabled adult; or
2. Has a business relationship with the elderly person or disabled adult;

(b) Obtaining or using, endeavoring to obtain or use, or conspiring with another to obtain or use an elderly person's or disabled adult's funds, assets, or property with the intent to temporarily or permanently deprive the elderly person or disabled adult of the use, benefit, or possession of the funds, assets, or property, or to benefit someone other than the elderly person or disabled adult, by a person who knows or reasonably should know that the elderly person or disabled adult lacks the capacity to consent[.] Fla. Stat. § 825.103(1)(a)-(b)

The jury's verdict form itself indicates that Plaintiff's Count II claim was brought with substantial fact and legal support. (Dkt. No. 167.) Namely, both Count I and Count II are based on the same relevant factual claim, that Michelle and Teresa exploited Olga. Under the Civil

Remedies for Criminal Practices Act claim, Count II, the jury concluded by clear and convincing evidence that Olga was elderly.  However, they found that Olga did not prove by *clear and convincing evidence* that Michelle and Teresa exploited her (emphasis added).  (Dkt. No. 167.)  When asked to consider Olga's claim under the Adult Protective Services Act, the jury found by a *preponderance of the evidence* that (1) Olga was a vulnerable adult, (2) Michelle and Teresa exploited Olga, and (3) Olga suffered damages proximately cause by the exploitation (emphasis added).  (Dkt. No. 167.)

Boiling these jury verdicts down to their essence, the jury found by clear and convincing evidence that Olga was elderly, and the jury found by a preponderance of evidence that Michelle and Teresa exploited Olga.  Because the jury found by a preponderance of evidence that Michelle and Teresa exploited Olga, it is apparent that Olga necessarily must have brought forth at least substantial evidence to support her § 772.11 claim.  *See Dyer*, 395 F.3d at 1210 (describing substantial evidence as "more than a mere scintilla, but less than a preponderance.").

Moreover, after the jury rendered its verdict in favor of Olga, Defendants filed a Motion for Judgment as a Matter of Law (Dkt. No. 176) under Rule 50, arguing that there was no legally sufficient evidentiary basis for a reasonable jury to find for Olga on Count I.  *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192 (11th Cir. 2004) ("Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.").  The Court disagreed with Defendants and ruled in favor of Olga, concluding that "there was a sufficient evidentiary basis for the jury to find that Olga was a 'vulnerable adult' and that Michelle and Teresa exploited Olga."  (Dkt. No. 185.)  For purposes of the § 772.11 claim, the jury found that Olga was elderly.  (Dkt. No. 167.)  Thus, since the Court concluded "there was a sufficient evidentiary basis for the jury to find . . . that

18

Michelle and Teresa exploited Olga," it must follow that there was substantial evidence to justify Plaintiff's § 772.11 claim. *Morales*, 460 So. 2d at 415. Thus, even though the jury ruled in Defendants' favor under Count II, Teresa cannot recover fees because Olga had "substantial fact or legal support" to support her claim. Although Olga may have had substantial factual or legal support for her § 772.11 claim resulting in a denial of Teresa's attorneys' fees request, as detailed above, Olga's strategic decision to pursue the § 772.11 claim, rather than simply pursuing her attorneys' fees from the original state court case, unnecessarily protracted matters in this case warranting a one-third reduction of Olga's requested attorneys' fees.

For the reasons set forth above, it is

RECOMMENDED that:

1) Plaintiff's Fee Motion (Dkt. No. 187) be **GRANTED IN PART AND DENIED IN PART.**

2) Olga be granted attorneys' fees in the amount of $110,789.37 and costs in the amount of $9,830.77.

3) Olga be ordered to submit to this Court a calculation of the amount of prejudgment interest to which she is entitled within ten days of the district court's ruling.

4) Defendant's Fee Motion (Dkt. No. 191) be **DENIED.**

**IT IS SO REPORTED** in Tampa, Florida this 21st day of October, 2016.

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc: Hon. Virginia M. Hernandez Covington
Counsel of Record